# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ROBERT M. PAVUK**             Case No.: 2:09-CV-00514

      **Plaintiff,**            Judge Graham

      v.            Magistrate Judge Abel

**U.S. BANK NATIONAL ASSOCIATION ND, et al.,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on two motions: a motion to set aside entry of default pursuant to Fed. R. Civ. P. 55(c) filed by Defendant U.S. Bank National Association ND (U.S. Bank) (doc. 24) and a motion for default judgment filed by Plaintiff Robert M. Pavuk (Pavuk) (doc. 22).

### I. FACTS

On September 30, 2005, Plaintiff signed an Adjustable Rate Note and Mortgage with U.S. Bank in order to refinance his property in Westerville, Ohio, in the amount of $232,200.00 (hereinafter referred to as "first mortgage"). The first mortgage was duly recorded in the Franklin County Recorder's office on October 6, 2005. The first mortgage's initial interest rate was 5.9% with an adjustable rate beginning in November of 2010. The adjusted interest rate would not increase beyond 11.9% nor decrease below 5.9%. Plaintiff also entered into a second mortgage with U.S. Bank on September 30, 2005 in the amount of $25,800.00 with a 30 year

1

fixed interest rate of 8.25% (hereinafter referred to as "second mortgage"). The second mortgage was duly recorded with the Franklin County Recorder's office on October 6, 2005.

Plaintiff asserts that U.S. Bank extended credit to him for his first and second mortgages based on his collateral, and not on his ability to repay the loans. He asserts that U.S. Bank did not act in good faith in executing the predatory loans to him.

On June 19, 2009 plaintiff filed a complaint against U.S. Bank and the Franklin County Treasurer. An amended complaint was filed on July 9, 2009. In his amended complaint, the plaintiff alleges that, in engaging in predatory lending, U.S. Bank violated the Federal Consumer Credit Protection Act, 15 U.S.C. §1639(h) and the Federal Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. §1962. Service was completed on U.S. Bank on November 2, 2009[1].

On November 25, 2009, pursuant to plaintiff's request, the clerk entered default judgment against U.S. Bank and on December 2, 2009, plaintiff filed a motion for default judgment. On December 11, 2009, Defendant filed a motion to vacate the court's entry of default and filed a memorandum in opposition to plaintiff's motion for default judgment on December 28, 2009.

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 55(c), the court "may set aside an entry of default for good cause,

---

[1] Plaintiff initially attempted to serve U.S. Bank through U.S. Bancorp's statutory agent as listed with the Ohio Secretary of State, Charles W. Thornton. Mr. Thornton notified plaintiff on June 23, 2009 that U.S. Bancorp was not affiliated with defendant. Plaintiff then attempted to serve the Ohio Statutory Agent for U.S. Bancorp in Cleveland but the agent, CT Corporation System stated defendant was not listed in their records and returned service on September 17, 2009. Because defendant does not have a statutory agent in Ohio, plaintiff then sought service upon U.S. Bank National Association ND at its business address in North Dakota. Service was accepted on November 2, 2009.

and it may set aside a default judgment under Rule 60(b)." The Sixth Circuit has articulated the standard by which court are to consider a motion to set aside an entry of default. See <u>Waifersong, Inc. v. Classic Music Vending,</u> 976 F.2d 290 (6th Cir. 1992). In order to determine "good cause" for purposes of a motion to vacate an entry of default, the court is to consider the following three factors: "(1) Whether culpable conduct of the defendant led to the default, (2) Whether the defendant has a meritorious defense, and (3) Whether the plaintiff will be prejudiced." <u>Id</u>. at 292 (citing <u>United Coin Meter Co. v. Seaboard Coastline R.R.</u>, 705 F.2d 839, 845 (6th Cir. 1983)).

Fed. R. Civ. P. 55(c) leaves to the discretion of the trial judge the decision whether to set aside an entry of default. <u>Shepard Claims Service, Inc. v. William Darrah & Associates</u>, 796 F.2d 190, 193 (6th Cir. 1986). However, "judgment by default is a drastic step which should be resorted to only in the most extreme cases." <u>United Coin Meter Co.</u>, 705 F.2d at 845. In addition "any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." <u>Id</u>. at 846 (quoting <u>Rooks v. American Brass Co.</u>, 263 F.2d 166, 169 (6th Cir. 1959) (citations omitted)).

### III. LEGAL ANALYSIS

The Sixth Circuit has established three factors that must be considered in determining what constitutes "good cause" for setting aside an entry of default pursuant to Fed. R. Civ. P. 55(c): 1) whether the plaintiff will be prejudiced; 2) whether the defendant has a meritorious defense; and 3) whether culpable conduct on the part of the defendant led to the default. <u>United Coin Meter Co.</u>, 705 F.2d at 845. All three factors must be considered in ruling on a motion to set aside entry of default. However, when the first two factors militate in favor of setting aside

the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead. Shepard Claims Service, Inc., 796 F.2d at 194.

    A.    **Whether Plaintiff Will Be Prejudiced**

"Delay alone is not a sufficient basis for establishing prejudice. Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc., 815 F.2d 391, 398 (6th Cir. 1987)(quoting Davis v. Musler, 713 F.2d 907, 913 (2d Cir. 1983)). The mere fact that a plaintiff will have to litigate the action on its merits, rather than proceed by default, does not constitute prejudice. Amari v. Spillan, No. 2:08-cv-829, 2009 U.S. Dist. LEXIS 120851 (S.D. Ohio Dec. 29, 2009).

The plaintiff asserts that he has already been prejudiced by virtue of the fact that he had difficulty obtaining service on this defendant due to defendant's failure to maintain a statutory agent in Ohio or to be registered to do business in Ohio. Plaintiff's allegation of prejudice, therefore, stems solely from plaintiff's inability to obtain service on the defendant. Plaintiff does not assert that he was prejudiced by the defendant's failure to respond to the complaint once it was served. There is no allegation that the failure to respond to the complaint "hampered plaintiff's conduct to conduct discovery, to marshal his evidence and to otherwise prepare his case for trial or other adjudication on the merits." Id; Krowtoh II LLC v. ExCelsius Int'l Ltd, 330 Fed. Appx. 530, 535 (6th Cir. 2009) (no prejudice demonstrated where plaintiff has not shown that evidence was lost, or that it would have any increased difficulties obtaining relevant discovery by virtue of defendant's delay).

4

Accordingly, the court finds that the plaintiff has not been substantially prejudiced by the defendant's failure to file a timely answer, "especially given the fact the defendant acted swiftly once it became aware of the default." See Savin Corp. v. C.M.C. Corp., No. C83-293, 98 F.R.D. 509, 511-512 (N.D. Ohio June 24, 1983).

### B. Whether Defendant Has A Meritorious Defense

The second factor the court must consider is whether the defendant has a meritorious defense to the plaintiff's complaint. A meritorious defense is "simply one that would be a viable legal defense if there is any possibility that the facts will ultimately support the defendant's version of events." DeFrank v. Roth, No. 1:98CV1597, 1998 U.S. Dist. LEXIS 23307 (N.D. Ohio Oct. 2, 1998); see also, United Coin Meter, 705 F.2d at 845 ("if any defense relied upon states a defense good at law, then a meritorious defense has been advanced"). The likelihood of defendant's success is not considered in determining whether defendant has a meritorious defense. United Coin Meter, 705 F.2d at 845; see also In re Park Nursing Ctr., Inc. v. Creditors Comm. of Park Nursing Ctr., Inc., 766 F.2d 261, 264 (6th Cir. 1985) (the test is not whether defendant will win at trial but "rather whether the facts alleged by the defendant would constitute a meritorious defense if true"). A defense is sufficient "if it contains "'even a hint of a suggestion' which, proven at trial, would constitute a complete defense.'" Victoria's Secret Stores v. Artco Equip. Co., 194 F. Supp. 2d 704, 719 (S.D. Ohio 2002) (internal citations omitted).

Defendant asserts that plaintiff has failed to state a claim against it under either count. Defendant asserts that the statute of limitations has run on plaintiff's claims under the Consumer Credit Protection Act. The statute of limitations defense is a meritorious defense. See Gibbs v.

5

Davis, No. 98-1634, 1999 U.S. App. LEXIS 23525 (6th Cir. 1999).  Defendant also asserts that plaintiff has failed to make any allegations in support of its civil RICO claim based on mail fraud.  Failure to state a claim is a "defense cognizable at law" and therefore meets the requirement of a meritorious defense. Simmons v. Ohio Civ. Serv. Emp. Assoc., AFSCME Local 11, 259 F. Supp. 2d 677, 686 (S.D. Ohio 2003).  Defendant has asserted meritorious defenses to the plaintiff's complaint, sufficient to meet the requirements for vacating the entry of default.

   **C.**  **Whether Defendant's Conduct Was "Culpable"**

  The final factor is whether the defendant "can show a lack of culpability for the professed inadvertence, surprise, or excusable neglect." Simmons,  259 F. Supp. 2d at 685.  For a defendant's actions to reach the level of culpable conduct, the "defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." Shepard Claims Service, Inc., 796 F.2d at 194.  Furthermore, "it is not absolutely necessary that the neglect or oversight offered as reason for the delay in filing a responsive pleading be excusable." Id. In fact, where there is no prejudice to plaintiff and a meritorious defense is available, it is an abuse of discretion for the court to deny a Rule 55(c) motion.  Id.

   Attached to its motion to vacate, the defendant provided an affidavit from one of its employees, Kati Cheney, setting forth the circumstances surrounding the failure to move or plead.  Ms. Cheney avers that one of her responsibilities as a Legal Process Paralegal for US Bank is to review court documents that come to her office and to enter the appropriate information about that case in the bank's internal tracking system.  (Cheney Aff. at ¶2).  When the plaintiff's complaint was input into the tracking system, Ms. Cheney erroneously believed that the case involved a mortgage foreclosure or mechanic's lien enforcement and informed the

6

proper department so that a determination could be made with regards to whether the bank had a lien to protect. (Id. at ¶5). Ms. Cheney avers that her actions were not motivated by any attempt to obstruct, ignore,or thwart these proceedings but were based on an honest misunderstanding of the nature of the claims at hand. (Id. at ¶7).

The defendant received notice of the default on December 8, 2009. (Aff. at ¶8). Only three days later, U.S. Bank filed its motion to vacate the entry of default on December 11, 2009 – only sixteen days after the entry of default was filed and only eighteen days after the time to answer the complaint. This fact weighs in favor of finding that the defendant's actions were not culpable. See, Trident Trust Co. (UK) v. Anglo-American Credit Un., No. 1:07CV893, 2008 U.S. Dist. LEXIS 17803 (S.D. Ohio, Feb. 22, 2008) (in concluding that the defendant's conduct was not culpable, the court considered the fact that the defendant filed a notice of appearance less than three weeks after it was required to respond to the complaint). The court finds that the defendant's conduct was not culpable and therefore finds that the third factor also weighs in favor of granting defendant's Rule 55(c) motion to vacate.

The court is cognizant, however, that the plaintiff has incurred additional attorneys fees and costs associated with defendant's failure to timely answer the plaintiff's complaint. The court therefore conditions the grant of defendant's motion to vacate upon U.S. Bank's reimbursement of plaintiff's costs and attorney's fees incurred in filing his motion for default judgment. See, Amari v. Spillan, No. 2:08-cv-829, 2009 U.S. Dist. LEXIS 120851 (S.D. Ohio December 29, 2009) (granting attorneys fees and costs incurred in having to file a motion to strike and motion for summary judgment in a 55(c) case); see also, Winslow v. Kalamazoo Pub. Sch., No. 1:07-CV-65, 2007 U.S. Dist. LEXIS 42213 (W.D. Mich June 11, 2007) (a district court

"has authority to condition the setting aside of a default upon payment of attorneys' fees and costs under Fed. R. Civ. P. 55(c)"(internal citations omitted); Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 515 (2d Cir. 2001) ("In determining whether to exercise its discretion to set aside a default, a district court has inherent power to impose a reasonable condition on the vacatur in order to avoid undue prejudice to the opposing party."); Dunn v. Burch, No. 3:05-CV-241-W, 2006 U.S. Dist. LEXIS 81193 (W.D. N.C. Nov. 6, 2006) ("Ample and unimpeachable authority holds that this inherent power includes the authority to condition relief from default on payment of the opposing party's attorneys' fees and costs incurred in securing the entry of a default."); Savin Corp. v. C.M.C. Corp., 98 F.R.D. 509 (plaintiff is entitled to recover from defendant the reasonable costs and attorney's fees incurred in the presentation of their motion for default judgment).

The parties have until February 25, 2010 in which to agree to the amount due to plaintiff for his costs and attorney fees incurred in the filing of Plaintiff's Request to Enter Default (doc. 20) and Plaintiff's Motion for Default Judgment (doc. 22). If the parties cannot agree, plaintiff shall file with the court an itemization of his costs and attorney fees for consideration by the court.

## IV.   CONCLUSION

Based on the foregoing, the court GRANTS defendant's motion to vacate and set aside the clerk's entry of default (doc. 24) with the CONDITION that defendant reimburse plaintiff for his costs and attorney's fees incurred in filing Plaintiff's Request to Enter Default (doc. 20) and Plaintiff's Motion for Default Judgment (doc. 22). Because the court has vacated the entry of default, the plaintiff's motion to enter default judgment (doc. 22) is DENIED.

IT IS SO ORDERED.

                                                                S/ James L. Graham
                                                                JAMES L. GRAHAM
                                                                United States District Court

Date:   Feb. 3, 2010